[S. F. No. 10960. In Bank.—January 9, 1924.]

## CHARLES J. LUCKEHE, Petitioner, v. K. S. MAHON, etc., Respondent.

[1] APPEAL—DELAY IN CERTIFYING TRANSCRIPT—MOTION TO DISMISS —DISCRETION.—In a proceeding to compel a trial judge to certify to a reporter's transcript of the trial prepared under the provisions of section 953a et seq. of the Code of Civil Procedure, it cannot be said that it was an abuse of discretion of the trial court to refuse to certify the transcript, where there was evidence which justified the trial court in believing that the reporter furnished the transcript to the attorney for petitioner upon the promise or expectation that the attorney would file the transcript with the clerk, but nothing being done in connection with the certification of the record until after a motion to dismiss was made.

[2] MANDAMUS—CERTIFICATION OF REPORTER'S TRANSCRIPT—REHEAR-ING—EVIDENCE.—Upon a petition for rehearing in the supreme court in a proceeding of *mandamus* to compel a judge of the superior court to certify a reporter's transcript, a letter from the reporter, discovered after the decision of the supreme court, stating he had filed the transcript at a certain date, and his affidavit stating he had forgotten he had so written, cannot be considered, but should be presented to the superior court for appropriate action. (On denial of rehearing.)

APPLICATION for a Writ of Mandate to require certification of transcript of trial. Writ denied.

The facts are stated in the opinion of the court.

Clinton W. Johnson for Petitioner.

A. H. Hewitt for Respondent.

THE COURT.—This is a petition for writ of *mandamus* to compel the respondent to certify to a reporter's transcript of the trial prepared under the provisions of section 953a et seq. of the Code of Civil Procedure. The transcript was prepared and paid for within time and after due and legal notice requiring its preparation. Either two or three copies of the transcript were prepared by the reporter. Two of these were handed to the attorney for the petitioner. The petitioner claims that he relied upon the reporter to file

the other copy of the transcript with the clerk, as provided by law. Nothing was done by the respondent in connection with the certification of the record until after a motion to dismiss was made in this court. This motion was at first granted, but the petitioner claiming that he had received the notice of motion to dismiss only the day before it came on for hearing, and that there was then pending a proceeding for the settlement of the record, asked for a rehearing which was granted, and upon the hearing of the motion to dismiss it was denied upon the ground that it then appeared there was a proceeding pending for the settlement of the record in the trial court. Subsequently the trial judge considered the matter of the certification of the transcript, and affidavits and testimony were taken upon the question, and after a hearing he dismissed the proceedings for the settlement of the record and declined to certify to the transcript. This petition was brought to compel the trial judge to certify to the transcript. His order refusing to certify the record requires us to consider that the trial judge resolved all conflicting statements in the testimony and exercised his discretion in favor of the respondent in the appeal. There is evidence which justified the trial court in believing that the reporter furnished the transcript to the attorney upon the promise or expectation that the attorney would file the transcript with the clerk. If this testimony is true, as the court in effect held, of course, the neglect and delay in perfecting the record was the fault of the petitioner. [1] We cannot say that it was an abuse of discretion under the circumstances to refuse to certify the transcript.

Petition denied.

Rehearing denied.

In denying a rehearing, the court filed the following opinion on February 6, 1924:

THE COURT.—[2] The petitioner bases his application for a rehearing upon the ground that since our decision he has discovered a letter from the court reporter, the original of which he files with his petition, in which the reporter states under date of May 22, 1923, that he has filed the transcript in *Luckehe* v. *Reclamation Dist.,* and supplements

this letter with an affidavit of the court reporter that he had forgotten that he had so written. The letter and affidavit cannot be considered by us, for the reason that the petition here is necessarily based upon the proposition that the trial court improperly refused to certify the transcript under the facts as presented to him. The evidence now presented to us should be presented to the respondent for whatever action may be appropriate.

Petition denied.